Shane P. Coleman
Emily J. Cross
Daniel W. Beierwaltes
COLEMAN, MONSON & SMALL PLLC
1555 Campus Way, Suite 201
Billings, MT 59102
Telephone: 406.656.6551
shane@montanabusinesslaw.com
emily@montanabusinesslaw.com
daniel@montanabusinesslaw.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| MISSOULA SOFTWARE AND SALES, LLC, a Montana limited liability company, and JAY STRATEMEYER,<br><br>Plaintiffs,<br><br>v.<br><br>SPARUS HOLDINGS LLC, a Delaware limited liability company, and JOHN DOES 1-50,<br><br>Defendants. | Cause No. _______________<br>Judge Hon. _______________<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Missoula Software and Sales, LLC ("Missoula Software") and Jay Stratemeyer ("Stratemeyer"), by and through their undersigned counsel, allege the following against Defendants Sparus Holdings LLC ("Sparus") and John Does 1-50, based on knowledge as to their own acts and on information and belief as to all other matters.

## NATURE OF THE ACTION

1. This is an action for federal copyright infringement arising from Sparus' unauthorized use, copying, modification, creation of derivative works from, distribution, display, and commercialization of Missoula Software's registered copyrighted software suite known as Mobile Dispatch Solutions ("MDS Software"), and for wrongful discharge under the Montana Wrongful Discharge from Employment Act arising from Sparus' termination of Stratemeyer's employment after he refused to assign Missoula Software's copyrights to Sparus.

2. Missoula Software seeks injunctive relief, impoundment and destruction of infringing copies and materials, damages, disgorgement of profits, statutory damages to the extent available, along with costs, attorney fees, and all other relief authorized by the Copyright Act, 17 U.S.C. §§ 101 et seq. Stratemeyer seeks all relief available under the Montana Wrongful Discharge from Employment Act, Mont. Code Ann. §§ 39-2-901 et seq.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Missoula Software's copyright claim under 28 U.S.C. §§ 1331 and 1338(a) because that claim arises under the Copyright Act. This Court has supplemental jurisdiction over Stratemeyer's related Montana wrongful discharge claim under 28 U.S.C. § 1367

because it forms part of the same case or controversy. Jurisdiction is also proper in this Court under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in the District of Montana under 28 U.S.C. §§ 1391 and 1400(a) because Missoula Software is a Montana company, the copyrighted works were developed and owned in Montana, Sparus's alleged infringement has caused injury in this District, and this action is to be filed in the Missoula Division of the United States District Court for the District of Montana.

**PARTIES**

5. Plaintiff Missoula Software and Sales, LLC is a Montana limited liability company, with principal place of business in Ravalli County, Montana, which owns the registered copyrights in the MDS Software and related works.

6. Plaintiff Jay Stratemeyer is an individual residing in Ravalli County, Montana, and is the owner of Missoula Software. At some relevant times, Stratemeyer worked for Sparus as its Information Technology ("IT") Director.

7. Defendant Sparus Holdings LLC is a Delaware limited liability company with an address at 192 Technology Parkway NW, Suite 500, Norcross, Georgia 30071. Sparus owns, controls, operates, or directs a portfolio of companies alleged to have used or benefited from the MDS Software.

8. Defendants John Does 1-50 are individuals or entities whose true names are presently unknown, and who are subsidiaries, affiliates, or customers of Sparus. Upon information and belief, John Does 1-50 have directly infringed Missoula Software's copyrights at the direction of Sparus.

**ALLEGATIONS COMMON TO ALL COUNTS**

9. Missoula Software developed the MDS Software in or about 2006 to help utility-locating companies manage 811 tickets and related field operations.

10. The MDS Software includes, among other components and features, Dispatch Center, Remote Technician System, Automated System Receiver, Gridmaker, Technician Skills and Certification, Damage Investigator System and Claims, Employee Roster and Workforce Management, Invoicing and Financial Tracking, Client Portal, APIs and Integrations, and an ETL Pipeline.

11. The MDS Software is an original work of authorship fixed in a tangible medium of expression, including source code and object code, and is protectable under the Copyright Act.

12. Missoula Software owns valid copyright registrations for the MDS Software and related registered works, including registration nos. TXu 2-516-356 and TXu 2-518-180.

13. Missoula Software has not assigned ownership of the MDS Software to Sparus and has not granted Sparus a license authorizing Sparus to reproduce,

modify, distribute, publicly display, publicly perform, commercialize, or create derivative works from the MDS Software.

14. On information and belief, Sparus has used, copied, modified, distributed, displayed, commercialized, or caused derivative works to be created from the MDS Software without authorization from Missoula Software.

15. In or about September 2025, Sparus leadership announced an intent to take features from the MDS Software, Voyager Lighthouse, and another system to create a new system using the majority of MDS Software's features.

16. Missoula Software requested documentation showing any license, assignment, or other authority permitting Sparus to use or develop derivative works from the MDS Software. Sparus did not provide documentation showing such authority because no such authorization exists.

17. During his employment with Sparus, Sparus' management pressured Stratemeyer to assign the MDS Software copyrights owned by Missoula Software to Sparus for nominal consideration.

18. Stratemeyer refused to assign Missoula Software's copyrights to Sparus because Sparus had no ownership interest in those registered works and because assigning them would have violated both Missoula Software's rights and the public policy embodied in federal copyright law protecting copyright ownership and exclusive rights.

19. When Stratemeyer refused to give Sparus the MDS Software copyrights, Sparus terminated Stratemeyer's employment in retaliation.

20. Sparus lacked reasonable job-related grounds, disruption-related grounds, or any other legitimate business reason constituting good cause to terminate Stratemeyer's employment.

**COUNT I — DIRECT COPYRIGHT INFRINGEMENT**

21. Missoula Software incorporates by reference the preceding paragraphs as though fully set forth herein.

22. Missoula Software owns valid copyright registrations in the MDS Software and related works, and holds the exclusive rights identified in 17 U.S.C. § 106, including the rights to reproduce, prepare derivative works, distribute, publicly perform, and publicly display the works.

23. Sparus has infringed Missoula Software's copyrights by engaging in one or more unauthorized acts reserved exclusively to Missoula Software, including copying, modifying, creating derivative works from, distributing, displaying, performing, using, or commercializing the MDS Software and related registered works.

24. Plaintiffs are further informed and believe that several affiliates or subsidiaries of Sparus use the MDS Software at Sparus' direction. Further, the nature of the copyrighted MDS Software is such that it includes customer-facing

features that are necessarily used by Sparus' customers as an integral and necessary part of their working relationship with Sparus. Each of these subsidiary and affiliates' uses of the MDS Software directly infringes Missoula Software's exclusive rights under the Copyright Act. Every customer of Sparus likewise directly infringes Missoula Software's exclusive rights under the Copyright Act by using the customer-interface features of the MDS Software, which Sparus provides.

25. Sparus' infringement has been willful, intentional, and in disregard of Missoula Software's ownership and exclusive rights.

26. Sparus enjoys tens of millions of dollars in profit each year by illegally using Plaintiffs' MDS Software without authorization, rather than purchasing a competitor's software.

27. Sparus' infringement of Missoula Software's copyrights is intentional and willful. At all relevant times, Sparus has known that Missoula Software holds valid copyrights on the MDS Software, but has refused to pay for using that software, despite collecting tens of millions of dollars in revenue from its use.

28. As a direct and proximate result of Sparus' infringement, Missoula Software has suffered damages and is entitled to recover its actual damages, Sparus' ill-gained profits, or statutory damages where available, together with costs and attorney fees as provided by 17 U.S.C. §§ 504 and 505.

## COUNT II — CONTRIBUTORY COPYRIGHT INFRINGEMENT

29. Missoula Software incorporates by reference the preceding paragraphs as though fully set forth herein.

30. Missoula Software is informed and believes, and on that basis alleges, that Sparus has caused other unknown individuals or entities, including the John Doe Defendants, to infringe Missoula Software's copyrights in the MDS Software and related registered works.

31. Specifically, Plaintiffs are informed and believe that several affiliates or subsidiaries of Sparus use the MDS Software at Sparus' direction. Further, the nature of the copyrighted MDS Software is such that it includes customer-facing features that are necessarily used by Sparus' customers as an integral and necessary part of their working relationship with Sparus.

32. Upon information and belief, Sparus had knowledge of Missoula Software's copyrights and materially contributed to, induced, directed, authorized, or otherwise caused such infringement by providing access, instructions, resources, systems, repositories, or other support that enabled the John Doe Defendants and other unknown individuals or entities to copy, modify, distribute, display, perform, use, commercialize, or create derivative works from the MDS Software without authorization.

33. As a direct and proximate result of Sparus's contributory infringement, Missoula Software has suffered damages and is entitled to recover its actual damages and Sparus' profits, or statutory damages where available, together with costs and attorney fees as provided by 17 U.S.C. §§ 504 and 505.

**COUNT III — WRONGFUL DISCHARGE**

34. Stratemeyer incorporates by reference the preceding paragraphs as though fully set forth herein.

35. Stratemeyer was an employee of Sparus and had completed any applicable probationary period before Sparus terminated his employment.

36. Sparus wrongfully discharged Stratemeyer within the meaning of Mont. Code Ann. § 39-2-904 because the discharge was not supported by good cause, including reasonable job-related grounds based on any failure to satisfactorily perform job duties, disruption of Sparus's operations, or other legitimate business reason.

37. Sparus also wrongfully discharged Stratemeyer within the meaning of Mont. Code Ann. § 39-2-904 because the discharge was in retaliation for Stratemeyer's refusal to give Sparus Missoula Software's MBS Software, which is worth at least $100 million, without any consideration, in violation of any reasonable public policy, which vests ownership of copyrights in the author.

38. As a direct and proximate result of Sparus' wrongful discharge, Stratemeyer has suffered damages in an amount to be determined at trial.

39. Stratemeyer further seeks punitive damages under the Montana Wrongful Discharge from Employment Act for Sparus's retaliatory discharge because Sparus engaged in actual fraud and actual malice in his discharge in violation of Mont. Code Ann. § 39-2-904(1)(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Sparus and award the following relief:

1. A preliminary and permanent injunction prohibiting Sparus and all persons acting in concert with it from using, copying, modifying, distributing, displaying, performing, commercializing, or creating derivative works from the MDS Software and related registered works;

2. A preliminary and permanent injunction prohibiting all of Sparus' subsidiaries, affiliates, and customers from using, copying, modifying, distributing, displaying, performing, commercializing, or creating derivative works from the MDS Software and related registered works;

3. A preliminary and permanent injunction prohibiting Sparus from directing any of its subsidiaries, affiliates, and customers from using, in any way, any aspect of the copyright-protected MDS Software, including any copying,

modifying, distributing, displaying, performing, commercializing, or creating derivative works from the MDS Software and related registered works;

4. Impoundment and destruction of all infringing copies, derivative works, source code, object code, repositories, backups, documentation, and other materials within Sparus' possession, custody, or control and within the possession, custody, or control of any of Sparus' subsidiaries, affiliates, or customers;

5. Actual damages and disgorgement of Sparus' profits, or statutory damages where available, including enhanced statutory damages for willful infringement by Sparus and its subsidiaries, affiliates, and customers;

6. Damages for Stratemeyer's wrongful discharge, including lost wages and benefits and all other damages and relief available under the Montana Wrongful Discharge from Employment Act;

7. Prejudgment and post-judgment interest;

8. Costs and reasonable attorney fees under 17 U.S.C. § 505; and

9. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 11th day of September, 2026.

/s/ *Daniel W. Beierwaltes*
Daniel W. Beierwaltes
COLEMAN, MONSON & SMALL PLLC

*Attorneys for Plaintiffs*